UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MIKATO FULKS, Petitioner | CIVIL ACTION NO. 1:16-CV-1404-P |
| VERSUS | CHIEF JUDGE DRELL |
| TIM BROOKS, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Mikato L. Fulks (#12367-010) ("Fulks"). Fulks is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Fulks challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

On July 21, 2014, Fulks was arrested by local authorities in Arkansas for unlawful possession of a firearm. (Doc. 1, p. 9). At the time of his arrest, Fulks was on parole with the Arkansas Department of Corrections. (Doc. 1, p. 9). Fulks's parole was revoked, and he was ordered to serve the remainder of a 144-month state sentence. (Doc. 1, p. 9).

While in Arkansas state custody, Fulks was charged by indictment in the Western District of Arkansas with being a felon in possession of a firearm. (Doc. 1, p. 9; 5:14-cr-50055, W.D. Ar.). On October 2, 2014, Fulks was "borrowed" from state authorities pursuant to a writ of habeas corpus ad prosequendum. (5:14-cr-50055, W.D. Ar., Doc. 6). While Fulks was in "borrowed" federal custody, the state decided not to pursue its unlawful possession of a firearm charge due to the federal prosecution. (Doc. 1, p. 9).

Fulks entered a plea of guilty to the federal charge of felon in possession of a firearm. (5:14-cr-50055, W.D. Ar., Doc. 30). On May 15, 2015, Fulks was sentenced to 70 months of imprisonment. (5:14-cr-50055, Doc. 41). The sentence was affirmed on appeal. See United States v. Fulks, 630 F. App'x 640 (8th Cir. 2016).

On June 9, 2015, Fulks was returned from "borrowed" federal custody to the custody of the Arkansas Department of Corrections. The federal judgment was lodged as a detainer. (Doc. 1, p. 9).

On August 7, 2015, Fulks completed his state sentence and was released to federal custody to begin his federal sentence. (Doc. 1, p. 9).

II.   Law and Analysis

Fulks asks that he receive credit toward his federal sentence for the time spent in "borrowed" federal custody. Title 18 U.S.C. § 3585 provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall

be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Fulks's sentence commenced on August 7, 2015, the date he was received in exclusive federal custody. (Doc. 1, p. 9). Although Fulks was in temporary federal custody pursuant to a federal writ of habeas corpus ad prosequendum, the writ did not deprive the state authorities of primary jurisdiction. A writ of habeas corpus ad prosequendum permits one sovereign to temporarily "borrow" a person in the custody of another sovereign for the purpose of prosecution. The writ is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (citing United States v. Kipp, 232 F.2d 147 (7th Cir. 1956)).

The time in which Fulks was in "borrowed" federal custody was credited toward his 144-month state sentence. (Doc. 1, pp. 7, 9). Under § 3585(b), this time cannot also be credited toward his federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972) (prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the prisoner received credit for

3

such time on his state sentence). Thus, Fulks has received all the credit to which he is entitled.

III. Conclusion

For the foregoing reasons, it is IT IS RECOMMENDED that Fulks's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___13th___ day of January, 2017.

                                                                Joseph H.L. Perez-Montes
                                                                United States Magistrate Judge